UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RACHEL PORTER, | Case No.: 2:07-cv-00906-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#22) |
| AMERICAN FAMILY INSURANCE, et al., | |
| Defendants. | |

Before the Court is Defendant American Family Insurance Company's **Motion to Dismiss, or in the alternative, Motion for Summary** (#22), filed December 17, 2007. The Court has also considered Plaintiff Rachel Porter's Opposition (#28), filed January 7, 2008, and Defendant's Reply (#27, 32), filed January 18, 2008. The Court heard oral argument on February 13, 2008.

**BACKGROUND**

This case arises from the alleged harassment, discrimination and retaliation against Plaintiff by Defendants in violation of Title VII. At issue in the current Motion is whether Defendant American Family Insurance was Plaintiff's employer for purposes of Title VII liability.

1

American Family contracted with Defendant National Outsource, Inc. ("NOI") to supply the staffing needs for American Family's independent contractor agencies. NOI hired Plaintiff to work as a receptionist at one of the agent offices, the Bonnie Yanez Agency ("Agency"). While there, Plaintiff alleges that she was the victim of racial discrimination and harassment. Upon reporting the alleged discrimination to NOI, Plaintiff alleges that NOI failed to investigate her complaints and terminated her in retaliation.

For this alleged conduct, Plaintiff seeks to hold both NOI and American Family liable. The Agency is not a party to this litigation because it does not employ at least fifteen employees and is thus not subject to Title VII liability. Through the instant Motion, American Family moves to dismiss on the ground that it was not Plaintiff's employer. For the following reasons, the Court finds that a genuine issue of material fact exists regarding the extent of the employment relationship, if any, between Plaintiff and American Family.

## DISCUSSION

**I. Standard**

American Family brings its Motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In ruling on the Motion, the Court has considered evidence outside the pleadings and thus turns it into one for summary judgment pursuant to Rule 12(d). At the hearing on February 13, 2008, the Court heard argument from both Parties and therefore finds that they each had a "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable

to the non-moving party. *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1148 (D. Nev. 2005). In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

**II.  Timeliness of Plaintiff's Lawsuit**

American Family first argues that Plaintiff failed to file her Complaint within 90 days from receiving her right to sue letter from the EEOC. 42 U.S.C. § 2000e-5. The Supreme Court has "interpreted Title VII's requirement that suits be filed within 90 days of *receiving* a notice of right to sue from the Equal Employment Opportunity Commission." *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 439 (1990) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)) (emphasis added).

Though Plaintiff's right to sue letter is dated March 29, 2007, the postmarked date on the envelope is April 6, 2007. Therefore, Plaintiff's filing of this lawsuit on July 9, 2007, falls within the prescribed 90-day time limitation.

**III.  Title VII Liability**

Title VII protects employees only, not independent contractors. *Adcock v. Chrysler Corp.*, 166 F.3d 1290 (9th Cir. 1999). American Family argues that both NOI and the Agency are independent contractors of American Family and therefore it cannot be held liable for Plaintiff's alleged discrimination by them. Determining whether a relationship is one of employment covered by Title VII or one of independent contract affiliation not covered by Title VII requires a fact-specific inquiry that depends on the "economic realities" of the situation. *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). Under this test, courts evaluate four factors: (1) who has the power to hire and fire the employees; (2) who supervises and controls the employees' work schedules or conditions of employment; (3) who determines the rate and method of payment; and (4) who maintains employment records. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991).

### A. Relationship between American Family and NOI

To show that NOI was an independent contractor, American Family emphasizes the contract language that states that "all individuals assigned to [American Family] to fill the Job Functions are employees of [NOI]." (Am. Compl., Ex. G, § 5) It also points out that NOI was contractually obligated to process and pay wages from its own accounts, collect, report and pay applicable payroll and unemployment tax, provide employee handbooks, and perform other functions of an employer. (*Id.*). NOI was also responsible for both selecting qualified employees and assigning them to open positions. (*Id.* § 6.) Thus, American Family concludes, NOI was Plaintiff's employer.

To counter, Plaintiff argues out that although NOI processed her paycheck, the contract required American Family to "pay, or have electronically transferred . . . the gross payroll including, but not limited to taxes and employee benefits." (*Id.* § 3.) American Family also contracted to "pay the cost of employee holiday and/or vacation pay for each employee that is eligible to receive holiday and/or vacation pay," and to "[m]aintain records of actual time worked and verify the accuracy of wages and salaries reported to and paid by [NOI]." (*Id.* §§ 5, 7.) Under the "economic realities" test, which looks at who pays the employee and maintains his or her records, the contract provisions suggest that NOI was merely the conduit through which American Family paid its employees.

The economic realities test also looks to who hires, fires, supervises and controls the employee. Per the contract terms, American Family agreed not only to "participate in the periodic evaluation of [NOI] employees," but also to "be responsible for supervision and direction of employees." (*Id.* §§ 3,5.) Additionally, American Family retained the ability to "request removal of employees on a legal and non-discriminatory basis," and was required to "[a]bide by applicable federal, state and local laws governing employment." (*Id.* § 5.) Because the contract between American Family and NOI gives American Family the ability to exercise at least some control over Plaintiff, the Court finds that a genuine issue of material fact exists as to whether an

4

employment relationship existed between them. Accordingly, American Family's Motion is denied.

### B. Relationship between American Family and the Bonnie Yanez Agency

American Family further contends that it cannot be held liable for any alleged discrimination that occurred at the Agency because the Agency is also an independent contractor. The contract between American Family and the Agency expresses that "[i]t is the intent of the parties that [Bonnie Yanez is] not an employee of [American Family] for any purpose, but [is] an independent contractor for all purposes." (Mot. Dismiss, Dkt. #13, Ex. 2B, § 6a.) Additionally, the contract provides that the Agency is responsible for the salaries of its employees. (*Id.* § 4k.)

Despite the contract provisions purporting that the Agency was an independent contractor, American Family was involved, at least to some extent, in the operations of the Agency. Not only did American Family undertake the responsibility of contracting with NOI to staff the Agency, it further paid the Agency's employees' salaries through NOI. These actions contradict the terms of the contract and thereby raise an issue as to whether the Agency is in fact an independent contractor.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that American Family's Motion to Dismiss (#22) is DENIED.

Dated: February 14, 2008.

_____
ROGER L. HUNT
Chief United States District Judge